IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| HENRY JINRIGHT, | * |
| | * |
| Plaintiffs, | * |
| | *   CASE NO: 2:08-CV-0299-MHT |
| Vs. | * |
| | * |
| WERNER ENTERPRISES, INC.; DOSS MORELAND; and SAFECO INSURANCE COMPANY OF ILLINIOS, | * |
| | * |
| | * |
| | * |
| | * |
| Defendants. | * |
| | * |

**PLAINTIFF'S MEMORANDUM BRIEF IN OPPOSITION TO DEFENDANTS' WERNER ENTERPRISES INC. AND DOSS MORELAND, JR.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**INTRODUCTION**

This is a car wreck case that occurred on January 16, 2008 in Troy, Alabama. The Plaintiff adopts the Defendants' undisputed facts except for paragraphs 12 and 14 and in addition plaintiff sets forth additional undisputed facts in his motion. Therefore, the facts will not be recited in the memorandum brief.

B.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there are no genuine issues of material fact. "Summary judgment is entered only if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Federal Rules of Civil Procedure 56(c); <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317, 324-25, 106 S.Ct. 2548 (1986). All the facts and reasonable inferences to be drawn from those facts must be viewed in the light most favorable to the non-moving party. See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255, 106 S.Ct. 2505 (1986). The court's function at this stage is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. at 249-50, 106 S.Ct. 2505. A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. <u>Id.</u> at 248, 106 S.Ct. at 2510.

## DISCUSSION

Defendants Werner and Moreland move for partial summary judgment on Plaintiff's wantonness claim.

    A.    Alabama Law of Negligence and Wantonness

> "Wantonness is not merely a higher degree of culpability than negligence. Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability." *Lynn Strickland Sales and Serv., Inc. v. Aero-Lane Fabricators, Inc.*, 510 So.2d 142, 45 (Ala.1987), *overruled on other ground, Alfa Mut. Ins. Co. v Roush*, 723 So.2d 1250, 1256 (Ala.1998).

Negligence refers "only to that legal delinquency which results whenever a man fails to exhibit the care which he ought to exhibit, whether it be slight, ordinary, or great." *Lynn Strickland Sales*, 510 So.2d at 146 (quoting *Blacks Law Dictionary* (5th ed.1979)). In other words, negligence "is the failure to do what a reasonably prudent person would have done under the same or similar circumstances, or the doing of something that a reasonably prudent person would not have done under the same or similar circumstances." Ford Motor Co. v. Burdeshaw, 661 So.2d 236, 238 (Ala.1995). "Negligence is usually characterized as an inattention, thoughtlessness, or heedlessness, a lack of due care." *Lynn Strickland*, 510 So.2d at 145.

Wantonness, on the other hand, is statutorily defined as "conduct which is carried on with a reckless or conscious disregard for the rights or safety of others," 1975 Ala.Code §6-11-20(b)(3), and has been defined by the Supreme Court of Alabama as "the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Alfa Mut. Ins. Co.*, 723 So.2d at 1256. The distinction between negligence and wantonness thus lies in the state of mind of the defendant. *Lynn Strickland*, 510 So.2d at 145. However, "[t]o prove wantonness, it is not essential to prove that the defendant entertained a specific design or intent to injure the plaintiff." *Alfa Mut. Ins. Co.*, 723 So.2d at 1256.

To survive summary judgment, Mr. Jinright must establish a genuine issue of fact as to whether or not defendants (1) acted consciously when they

attempted to drive across the southbound lanes of US Highway 231 and (2) was conscious based on existing conditions that injury was a likely or probable result of their acts.

    B.    Did the Defendants Act Consciously?

Defendant Moreland as an employee of Defendant Werner and acting in the line and scope of his employment at the time of the wreck attempted to exit the parking lot of a Subway Sandwich Shop in Troy, Alabama knowing the following:

1. Highway 231 is a four lane US divided highway;
2. Traffic was medium at the time the wreck occurred;
3. There was approximately 510 feet of unobstructed sight distance for Defendant Moreland to have seen Mr. Jinright's automobile.
4. Mr. Jinright's automobile had its headlights operating prior to the collision.
5. There was adequate lighting by the street lights in the area;
6. It was dark at the time the wreck occurred;
7. It was raining.

Plaintiff will argue that a jury could reasonably infer that there was no way that the Defendants could not have seen the headlights on the automobile that Mr. Jinright was operating unless one of two things occurs:

1. That the Defendant did not look to his left prior to pulling across the southbound lanes of US Highway 231;

  2. The Defendant looked and saw Mr. Jinright's car but thought he could get across the southbound lanes prior to Mr. Jinright's car making contact.

In Hood v. Murray, 547 So.2d 75 (Ala.1987), the trial court entered a directed verdict for the defendant on the plaintiff's claim of wantonness. The Alabama Supreme Court reversed, writing "The trier of fact could reasonably infer … that the defendant driver was aware of the approaching vehicle but opted to disregard oncoming traffic. There having been no obstructions and visibility having been good at the time the defendant's operation of his vehicle could reasonably be viewed as having done with consciousness that the doing of the act (attempting to cross the southbound lanes of Highway 231) or omitting the act (failing to yield the right-of-way to the Jinright vehicle) would likely result in injury to another. See Collins v. Shelley, 514 So.2d 1358, 1361 (Ala.1987) ("There having been on obstructions, and visibility having been good at the time, defendant's operation of her vehicle could reasonably be viewed as evidence of "reckless indifference to the knowledge that such omission would likely result in injury to another.")

  C. Was Werner/Moreland Conscious That Injury Would Likely or Probably Result From Its Action?

To find wantonness, plaintiff must show that the defendant must have acted "while knowing of the existing conditions and being conscious of that, from doing or omitting to do an act, injury will likely or probably result." *Alfa Mut. Ins. Co.,* 723 So.2d at 1256.

To assist this Court in its assessment of whether or not defendants acted with this consciousness, the Plaintiff would point out §32-5a-12(c) Code of Alabama(1975), this statute provides:

> the driver of a vehicle approaching a yield sign and shall be obedient to such sign, slow down to a reasonable for the existing conditions and if required for safety to stop, … if none, then a point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering it.  After slowing or stopping the driver should yield the right-of-way to any vehicle approaching on another roadway so closely as to constitute an <u>immediate hazard during the time such driver is moving across</u> (emphasis added) or within the intersection or junction of the roadways.

In reading the statute, the defendants have a duty to yield to Jinright's oncoming vehicle and proceed until it was safe to do so.  The defendant has an obligation to keep his vehicle under control so he does not drive it into another vehicle.

As previously argued, the defendants had a duty to yield the right-of-way of an approaching vehicle that was close enough to constitute an immediate hazard for a driver moving across the roadway.  Plaintiff Jinright would argue that the reason §32-5a-12(12) Code of Alabama (1975) exists is to prevent the collision of automobiles and the likelihood of injury and/or death to occupant's of those automobiles.

Therefore, with the facts presented and the clear violation of the rule of the road, the plaintiff has produced substantial evidence that the defendants made a conscious decision to cross Highway 231 and there would be a likelihood or probability of injury and/or death if the defendants violated the statute and

caused a wreck.  Wherefore, Plaintiff requests the Court to deny the Defendants Partial Motion for Summary Judgment on the issue of wantonness.

   /s/Michael J. Crow_____
MICHAEL J. CROW (CRO039)

OF COUNSEL:

BEASLEY, ALLEN, CROW,
 METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160

### CERTIFICATE OF SERVICE

     I hereby certify that I have served a copy of the foregoing upon all counsel of record listed below via CM/ECF, on this the 23rd day of January, 2009.

   /s/Michael J. Crow_____
OF COUNSEL

Edgar M. Elliott, IV
Christian & Small, P.C.
Attorneys and Counselors
1800 Financial Center
505 N. 20th Street
Birmingham, Alabama 35203-2607