# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| HENRY JINRIGHT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO: 2:08cv299-WC |
| | ) | |
| WERNER ENTERPRISES, INC.; | ) | |
| DOSS MORELAND; and SAFECO | ) | |
| INSURANCE COMPANY OF | ) | |
| AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT

COME NOW the Defendants Werner Enterprises, Inc. (hereinafter "Werner") and Doss Worth Moreland, Jr. (hereinafter "Moreland") and file their reply to Plaintiff's Response in Opposition to Partial Summary Judgment. Pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, Defendants are entitled to partial summary judgment in their favor as to the Plaintiff's claims for wantonness.

### Response to Non-Movant's Additional Undisputed Facts

¶¶ 2 & 5. Paragraphs 2 and 5 of Plaintiff's additional undisputed facts are nothing more than the Plaintiff's self-serving version of events. These "facts" are clearly in dispute. Despite the Plaintiff's testimony that his lights were on at the time of the accident, the fact remains that neither Mr. Moreland, Mr. Sales or Mr. Adwell

concede this as a fact in their testimony. *See, e.g.,* Deposition of D. Moreland at p. 29 (attached as "Exhibit 1" to Defendants' Brief in Support of Summary Judgment). Indeed, Mr. Moreland testified that he did not see the Plaintiff's vehicle prior to the accident, but immediately after impact, the headlights on Plaintiff's vehicle were <u>off</u>. *Id.*

Additionally, it is not an undisputed fact that the Plaintiff remained in the left hand lane for the entirety of his travel on U.S. Highway 231.

¶ 8. This paragraph of the Plaintiff's additional undisputed facts consists of pure speculation and conjecture. This is evident from the "face" of the Plaintiff's pleading. This paragraph reads as follows: "Henry Jinright is not sure if he stopped at the traffic light at the intersection of US Highway 231 and Highway 187, 'but if [he] did [he] was not the first car at the intersection.'" This paragraph is, by its very nature, speculation. The Plaintiff cannot say whether he even stopped at the traffic light. Therefore, he cannot say what cars, if any, were stopped at the light with him.

¶ 21. Although it may be a fact that there are street lights in the area where the wreck occurred. This fact standing alone is not enough to establish that any specific individual "could observe cars by the street lights." This "fact" depends on the subjective ability of each individual. As a result, the Plaintiff cannot testify as to what Mr. Moreland should have or did, in fact, see.

¶ 23. In paragraph 23 of his additional undisputed facts, the Plaintiff, at least implicitly, seems to suggest that Mr. Moreland failed to stop prior to pulling across U.S. Highway 231. This is in no way undisputed. In fact, the contrary is true. The only evidence with respect to this issue is Mr. Moreland's testimony in which he specifically testified that he stopped, looked to the left, looked to the right and then back to the left before entering the highway. *See* Deposition of D. Moreland at p. 27.

¶ 26. This paragraph of the Plaintiff's additional undisputed facts is not a fact at all. First, the Plaintiff misconstrues Mr. Moreland's testimony. Mr. Moreland did not testify that Mr. Jinright did not, as a matter of fact, contribute to cause the wreck in question. Mr. Moreland testified that "he had no clue" whether or not Jinright did anything to contribute to cause the accident. (Exhibit 1 to Defendants' Brief in Support of Partial Summary Judgment at p. 29). This is not a subtle difference. The Plaintiff has misstated the facts of the case. Whether the plaintiff did anything to cause the accident is a matter for the jury to decide and not a "fact" which can be characterized as disputed or undisputed.

## **Reply**

The Plaintiff's response to Defendants' Motion for Partial Summary Judgment essentially boils down to one of two contentions: either 1) Moreland was wanton because he did not properly look both ways before exiting the parking lot of the

Subway restaurant; or 2) Moreland was wanton because he saw the Plaintiff coming and decided to try to make it across the southbound lanes anyway. Specifically the Plaintiff contends that "a jury could reasonably infer that there was no way that the Defendants could not have seen the headlights on Jinright's automobile" unless one of two things occurred: 1) Moreland failed to properly look both ways before crossing the highway, or 2) Moreland saw the Plaintiff's vehicle and decided to attempt to cross the highway anyway. However, the Plaintiff's arguments are fatally flawed.

Despite the fact that the Plaintiff's brief properly cites the legal standard for both negligence and wantonness, as well as the distinguishable nature of the two, the Plaintiff continues to misapply this law to the facts of the instant case. The key to wantonness is the Defendant's state of mind and his actions given that state of mind. Wantonness is present, and is only present, when there is a "<u>conscious doing</u> of some act or the omission of some duty, while knowing of the existing conditions and being <u>conscious</u> that, from the doing or omitting to do an act, injury will likely or probably occur." *Alfa Mut. Ins. Co.*, 723 So.2d at 1256. Plaintiff cannot establish that Mr. Moreland had that state of mind, that consciousness, when he pulled out onto Highway 231 on the night of the accident.

First, it is uncontroverted that Mr. Moreland stopped and looked both ways before starting across Highway 231. He said he did not see the plaintiff when he

looked to his left. There is no evidence to controvert that. On the contrary, plaintiff's testimony supports it. Plaintiff testified that he did not see Moreland when Moreland was stopped at the exit from the parking lot or when Moreland started to pull out. Plaintiff did not see Moreland until Moreland was in the left lane and Plaintiff was six fee away from Moreland. Since Moreland did not see Plaintiff, he could not have had the state of mind necessary to establish wantonness.

Plaintiff's second argument has no basis in fact. There are no facts to support the claim that Moreland saw the Plaintiff and pulled out anyway. That is an inference built on a vacuum. It is an inference based solely on the fact that an accident happened. Legal argument or contentions alone are insufficient to defeat summary judgment. Further, the case law cited by the Plaintiff in support of this contention is distinguishable from the case at bar. In *Hood v. Murray, infra.,* cited by the Plaintiff in support of his opposition to summary judgment, the Alabama Supreme Court held that the facts in that case were sufficient to allow a jury to reasonably infer that the defendant saw the plaintiff before the accident. The defendant's view was unobstructed and visibility was <u>good</u>. That is clearly not a fact in the instant litigation. Indeed, it is undisputed that it was dark and raining at the time of the subject accident. Further, the Plaintiff admits that he did not see the Defendant until their vehicles were only six (6) feet apart. This is not consistent with <u>good</u> visibility.

## Applicable Law

Under Alabama statutory law, punitive damages "may not be awarded in any civil action . . . other than in a tort action where it is proven by <u>clear and convincing</u> evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff." Ala. Code §6-11-20(a) 1975. Plaintiff seeks to recover punitive damages in this case by alleging wantonness. In order to do so, under the statute, plaintiff must prove that Kirby <u>consciously or deliberately</u> engaged in wantonness. Plaintiff correctly cites the definition of wantonness in his brief, as "conduct which is carried on with a reckless or conscious disregard of the rights or safety of others." Ala. Code §6-11-20(b). Plaintiff failed, however, to fit that definition where it belongs, within the statutory requirement that the defendant engage in that conduct consciously or deliberately. Plaintiff's wantonness claim cannot meet that requirement.

The relevant case law reiterates this requirement of consciousness and awareness. "Wanton conduct is the conscious doing of some act or the omission of some duty by one who has knowledge of existing conditions and who is conscious that from the doing of such act or omission injury will likely or probably result." *Rommell v. Automobile Racing Club of Am., Inc.*, 964 F.2d 1090, 1096 (11th Cir. 1992). Defendants cited the court to this requirement in Alabama case law in their

original brief. *Armstrong Bus. Services*, 817 So.2d at 679-680.

It is important to note that there is a vast difference between wantonness and negligence. "Wantonness is not merely a higher degree of culpability than negligence. Negligence and wantonness are qualitatively different tort concepts of actionable culpability." *Rommell*, 964 F.2d 1096-1097.

**1.     There is no substantial evidence that Moreland was wanton.**

In his brief in opposition to Defendants' Motion for Partial Summary Judgment, the Plaintiff contends that a jury could reasonably infer that there is no way that Moreland could not have seen Plaintiff's vehicle unless he failed to properly look both ways prior to crossing the highway. However, this alleged failure or omission is not tantamount to wantonness. "Wanton conduct is the conscious doing of some act or the omission of some duty by one who has knowledge of existing conditions and who is conscious that from the doing of such act or omission injury will likely or probably result." *Rommell,* 964 F.2d at 1096. Further, the law is clear that "[w]antonness is not merely a higher degree of culpability than negligence. Negligence and wantonness are qualitatively different tort concepts of actionable culpability." *Id.*

In the case at bar the only evidence of Moreland's conduct prior to crossing the highway is his own testimony that he looked to his left, then to his right, and then

back to his left before pulling across the highway. There is no evidence to contradict this testimony. Nevertheless, the Plaintiff argues that a failure to look both ways before crossing the highway is the only explanation for Moreland's inability to see the Plaintiff. In other words, the Plaintiff would ask a jury to infer that because Moreland did not see the Plaintiff, he necessarily failed to look both ways. However, this would require a jury to also infer that visibility was clear and unobstructed. This is where the facts of the case at bar diverge from the facts in the case relied upon by the Plaintiffs – *Hood v. Murray,* 547 So. 2d 75 (Ala. 1987). As pointed out by the Plaintiff, the *Hood* Court found that the trier of fact could have reasonably inferred that the defendant saw the plaintiff approaching and, thus, acted wantonly because the defendants view was unobstructed and visibility was <u>good</u>.

    Despite the Plaintiff's contentions, the facts in the instant litigation are not clear with respect to visibility. In fact, it is undisputed that it was <u>dark</u> and <u>raining</u> at the time of the accident. For this reason, *Hood* is distinguishable from the case at bar. In addition, because visibility was, in fact, not optimal at the time of the accident, Plaintiff's contention that a jury could reasonably infer that Moreland failed to look both ways is flawed. Indeed, this conclusion would require a jury to base an inference upon an inference – a practice that is clearly prohibited by Alabama law. *See, e.g., Kmart Corp. v. Bassett,* 769 So. 2d 282, 287 (Ala. 2000). Stated differently,

a jury would have to first infer that visibility was good (because this fact is not undisputed in the instant case, and then, based on that inference, a jury would have to infer that Moreland failed to keep a proper lookout.

Finally, even assuming that Moreland failed to look both ways before crossing the highway (an assertion which Defendants deny), this is not tantamount to wantonness. Indeed, this establishes nothing more than simple negligence or the omission of a duty.

**2. Similarly, a jury could not reasonably infer that Moreland saw the Plaintiff and, nevertheless, decided to proceed across the highway.**

As stated above, in *Hood v. Murray*, the Alabama Supreme Court held that because visibility was good, a jury could have reasonably inferred that the defendant saw the plaintiff's vehicle. However, once again, the facts in *Hood* are distinguishable from the facts in the instant case.

Specifically, the court in *Hood* was not faced with undisputed facts that established that the plaintiff, himself, was also unable to see the defendant's vehicle until it was just six (6) feet in front of him. In the case at bar, the Plaintiff's own account of the undisputed facts establishes that: 1) the Plaintiff was looking straight ahead the entire time he was traveling southbound on U.S. Highway 231; 2) the Plaintiff did not see Moreland's vehicle until he was halfway across the left-hand lane

in which the Plaintiff was allegedly traveling; and 3) the Plaintiff did not see Moreland's vehicle until Moreland was six (6) feet in front of him.

Consequently, the Plaintiff is asserting that a jury could reasonably draw an inference with respect to the Defendants' ability to see something that the Plaintiff, himself, concedes he was unable to see.

Finally, as was the case with respect to the Plaintiff's argument that Moreland failed to properly look both ways prior to crossing the highway, the Plaintiff's contention that Moreland actually saw him and then decided to go ahead and cross the highway also requires a jury to improperly base an inference upon an inference. This conclusion would require a jury to first infer that visibility was <u>good</u> (a "fact" which is clearly in dispute) and then, based on this inference, conclude that there was "no way the defendant could not have seen the plaintiff."

## **Conclusion**

For these reasons, the Plaintiff cannot establish a genuine issue of material fact with respect to his claim of wantonness. There is absolutely know evidence that Moreland consciously committed some act or omission with "... knowledge of existing conditions" such that his actions were committed with a reckless indifference as to the rights and safety of the Plaintiff. The simple fact of the matter is that Moreland never saw the Plaintiff. Likewise, the Plaintiff admittedly failed to see

Moreland until he was six (6) feet in front of him. It was dark. It was raining. It was an <u>accident</u>.

WHEREFORE, PREMISES CONSIDERED, Defendants Werner and Moreland respectfully request that this Honorable Court enter an order granting judgment as a matter of law in their favor as to Plaintiff's claim for wantonness.

                                        Respectfully submitted,

                                        /s/ Edgar M. Elliott, IV
                                        EDGAR M. ELLIOTT, IV
                                        RICHARD M. THAYER
                                        Attorneys for Defendants
                                        Werner Enterprises, Inc. and
                                        Doss Worth Moreland, Jr.

**OF COUNSEL:**

CHRISTIAN & SMALL LLP
505 20th Street North, Ste. 1800
Birmingham, AL 35203
(205) 250-6603
(205) 328-7234 (fax)

**CERTIFICATE OF SERVICE**

       I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following on this the **2nd** day of **February**, **2009**:

Michael J. Crow
BEASLEY, ALLEN, CROW
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, Alabama 36103-4160

                                    /s/ Edgar M. Elliott, IV
                                    OF COUNSEL