IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| HENRY JINRIGHT, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 2:08cv299-MHT |
| | ) | (WO) |
| WERNER ENTERPRISES, INC., | ) | |
| and DOSS MORELAND, | ) | |
| | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

Plaintiff Henry Jinright brings this suit against defendants Doss Moreland and Werner Enterprises, Inc. (Moreland's employer) asserting negligence and wantonness claims resulting from a car accident between vehicles driven by Jinright and Moreland. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 (diversity).

The case is currently before the court on Moreland and Werner's motion for partial summary judgment on the wantonness claim. The motion will be granted.

**I.**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  In deciding whether summary judgment should be granted, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

**II.**

On January 16, 2008, Jinright and Moreland were involved in a car accident.  Jinright was driving along U.S. Highway 231 when Moreland pulled into Jinright's lane, causing the front of Jinright's car to strike the driver's door of Moreland's car.  At the time of the accident, it was both dark and raining.

2

Moreland was a truck driver for Werner, and he and two other Werner drivers were on a mission to pick up an impounded Werner truck.  The three employees had rented a car to travel to the location of the impounded truck. The collision occurred very shortly after Moreland had pulled out of a restaurant parking lot along the highway on which Jinright was driving.  By the time Jinright saw Moreland's vehicle entering his lane, the vehicles were only about six feet away from each other, and Jinright was unable to avoid the accident.

III.

In Alabama, wantonness requires conduct undertaken with the knowledge that the likely or probable result will be injury, that is, with a <u>conscious</u> disregard for the rights or safety of others.  <u>See, e.g.</u>, <u>Alfa Mut. Ins. Co. v. Roush</u>, 723 So.2d 1250, 1256 (Ala. 1998); <u>Bozeman v. Central Bank of the South</u>, 646 So.2d 601 (Ala. 1994); <u>see also</u> 1975 Ala. Code § 6-11-20(b)(3)

3

(wantonness" is "[c]onduct which is carried on with a
reckless or conscious disregard of the rights or safety
of others"). This is a high standard of culpability.
The Alabama Supreme Court has explained that, "Wantonness
is not merely a higher degree of culpability than
negligence. Negligence and wantonness, plainly and
simply, are qualitatively different tort concepts of
actionable culpability." Tolbert v. Tolbert, 903 So.2d
103, 114 (Ala. 2004) (quotation marks and citations
omitted).

Alabama courts will allow a jury to determine whether
conduct was wanton if there is any evidence that would
allow that determination. Cash v. Caldwell, 603 So.2d
1001, 1003 (Ala. 1992) ("Wantonness is a question of fact
for the jury, unless there is a total lack of evidence
from which the jury could reasonably infer wantonness.").
This determination of consciousness that underlies the
question of wantonness may rely on inferences drawn from

the circumstances.  <u>Klaber v. Elliott</u>, 533 So.2d 576, 579
(Ala. 1988).

Jinright argues that there is evidence that would
allow the inference that Moreland was wanton because one
of two things <u>must</u> have happened: (1) Moreland did not
look to his left prior to driving across the highway's
lanes or (2) Moreland saw Jinright coming and "thought he
could get across" anyway.  Pl.'s Brief (Doc. 48), at 5.

Neither of these two arguments, nor any other factor
brought to the court's attention, is sufficient to create
a genuine issue of material fact concerning wantonness;
instead, there is no evidence that would allow a jury to
determine, consistent with Alabama law, that Moreland had
the requisite level of consciousness and awareness that
injury would probably result from his actions.

This conclusion is strongly supported by the Alabama
Supreme Court's recent decision in <u>Ex Parte Essary</u>, 992
So.2d 5 (Ala. 2007).  In that case, the court recounted
the facts from the complaint in the light most favorable

to the plaintiff: Essary came to a "rolling" stop at a stop sign and "attempted to cross the intersection between two moving vehicles." Id. at 12. The court found that this conduct was, "at best," an "error in judgment" in attempting to "beat the traffic" by passing between moving cars. Id. Importantly, the court recognized that Essary knowingly moved his car into the intersection even after he had seen other cars coming. At worst, Jinright's allegations assert that Moreland must have seen Jinright coming "but thought he could get across" the road anyway. In the same way, Essary thought he could make it through the gap between the oncoming vehicles. Moreland's belief that he could get across the road is itself inconsistent, however, with the knowledge that an accident would be the likely result of his behavior.

Essary recognized a similar inconsistency and stated that, under Alabama law, there is a presumption pursuant to which courts "do not expect an individual to engage in

self-destructive behavior." Id.  Thus, under the facts in Essary, the Alabama Supreme Court held that, as a matter of law, the plaintiffs had failed to put forth substantial evidence of consciousness and that, as a result, summary judgment was warranted on the wantonness claim.  Id. at 16.  Essentially, because wantonness requires knowledge that the conduct is likely to result in harm, if the behavior at issue is similarly likely to harm the perpetrator (as it is, for example, in most cases involving car accidents), Alabama courts will presume that, given their understanding of human nature, people would not consciously engage in conduct so openly harmful to themselves.

Essary's presumption thus prevents a circumstantial inference of wantonness unless there is reason to believe that the defendant was suffering from "impaired judgment" or if the conduct was so "inherently reckless" that it would signal the kind of "depravity consistent with disregard of instincts of safety and self-preservation."

7

Id.  Here, there is no evidence that Moreland suffered from impaired judgment.  Moreover, failing to look to one's left before crossing a lane, while imprudent and likely negligent, is not so inherently reckless as to signal the kind of depravity required by Essary.  It is also, quite simply, not suggestive of the kind of knowledge of likely injury required by the consciousness standard applied to wantonness claims in Alabama.

Similarly, Jinright's second theory--that Moreland attempted to enter a lane with the knowledge that another car was coming and the belief that he could make it anyway--is not directly suggestive of the knowledge that injury is likely or suggestive of the kind of depravity that would enable a trier of fact to infer that Moreland was "conscious that injury would likely or probably result from his actions."  Id.

Of course, even though Jinright does not directly suggest it, a third theory exists: that Moreland saw Jinright coming and entered the lane anyway, even though

8

he knew that he could <u>not</u> "get across" without likely injury.   However, this is precisely the theory that <u>Essary</u>'s presumption is apparently designed to avoid absent mental impairment or depraved conduct (or, presumably, some more direct evidence of consciousness of probable harm).   Inattentively crossing over into another lane is not the kind of conduct (such as, for example, driving in reverse on a major interstate, <u>Johnson v. Baldwin</u>, 584 F.Supp.2d 1322 (M.D. Ala. 2008) (Thompson, J.), driving through an intersection "at a very fast speed" after ignoring a stop sign, <u>Clark v. Black</u>, 630 So.2d 1012, 1016 (Ala. 1993)) that would, under Alabama law, call into question <u>Essary</u>'s presumption.

\* \* \*

For the reasons discussed above, it is ORDERED as follows:

(1) Defendants Werner Enterprises, Inc. and Doss Moreland's motion for partial summary judgment (Doc. No. 44) is granted.

9

(2)  Judgment is entered in favor of defendants Werner Enterprises, Inc. and Moreland and against plaintiff Henry Jinright on plaintiff Jinright's claim of wantonness.

DONE, this the 9th day of April, 2009.

        /s/ Myron H. Thompson        
UNITED STATES DISTRICT JUDGE